William G. Ostler v. Commissioner.
Ostler v. Commissioner
Docket No. 52185.
United States Tax Court
T.C. Memo 1955-207; 1955 Tax Ct. Memo LEXIS 131; 14 T.C.M. (CCH) 831; T.C.M. (RIA) 55207; July 25, 1955
*131 On March 15, 1951, a joint individual income tax return was filed with the Collector of Internal Revenue of Los Angeles, California, by petitioner and his then wife. On or about February 27, 1950, petitioner's wife secured an interlocutory decree of divorce from petitioner. This interlocutory decree of divorce did not become final until on or about March 13, 1951. The Commissioner in his determination of the deficiency has held that petitioner and his wife did not have the right to file a joint return for the calendar year 1950 and has made certain adjustments to petitioner's net income for 1950 in accordance with this determination. Held, the petitioner and his wife, Frances S. Ostler, were husband and wife on December 31, 1950, and were entitled to file a joint return. Marriner S. Eccles, 19 T.C. 1049, followed. Richard W. Janes, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the calendar year 1950 of $1,292.35. To this determination of the Commissioner petitioner assigns error as follows: The determination of tax set forth in the said notice of deficiency is based upon the following errors: (a) Petitioner has been denied the right to file a joint return with Frances S. Ostler, who was petitioner's wife until March 1951. Findings of Fact The facts have been stipulated and are adopted as our Findings of Fact. Such portions of the facts which have been stipulated as are deemed necessary to an understanding of the issue which is to be decided are summarized as follows: The petitioner, William G. Ostler, is an individual with residence at Tucson, Arizona. On March 15, 1951, a joint individual income tax return, Form 1040, was filed with the Collector of Internal Revenue at Los Angeles, California. This joint return was filed by petitioner and his then wife, Frances S. Ostler, sometimes hereinafter referred *133 to as Frances. On or about February 27, 1950, Frances secured an interlocutory decree of divorce from petitioner. The joint return filed by petitioner and Frances claimed a total of three exemptions, one each for the principal taxpayers and one for a daughter, Mary Jane Ostler. The items respecting income, deductions, and losses stated and claimed upon this joint return were computed and reported upon the community property basis. Both petitioner and Frances each had individual sources of income from their labor and ownership of productive property and property rights. Prior to the calendar year 1950, during that year, and for a period of time thereafter, both petitioner and Frances were domiciled in and residents of the State of California. The interlocutory decree of divorce obtained February 27, 1950, became final on or about March 13, 1951. On December 14, 1953, a statutory notice of deficiency in the amount of $1,292.35 for the calendar year 1950 was mailed to petitioner. The basis for the adjustments making up the deficiency was that, under the provisions of section 51(b) of the Internal Revenue Code of 1939, petitioner and Frances could not file a joint return for the *134 taxable year ended December 31, 1950, since the interlocutory decree of divorce was granted February 27, 1950. The deficiency of $1,292.35 resulted from a reallocation of community income to separate incomes of petitioner and Frances. Opinion BLACK, Judge: We have only one issue in this proceeding and that is whether or not petitioner had a right to file a joint return for the taxable year 1950 with Frances, who had secured an interlocutory decree of divorce from petitioner on or about February 27, 1950. It is stipulated that this interlocutory decree of divorce did not become final until on or about March 13, 1951. At the hearing in this proceeding held in Los Angeles, California, June 23, 1955, petitioner did not appear, he being ill at the time of the hearing. Respondent appeared by his counsel and presented a complete stipulation of facts which had been agreed upon by the parties. Respondent's counsel stated that the only issue involved in the proceeding is the same as the Tax Court had before it and decided in Marriner S. Eccles, 19 T.C. 1049, affirmed per curiam (C.A. 4) 208 Fed. (2d) 796. Respondent has not acquiesced in the Tax Court's decision *135 in the Eccles case and its affirmance by the Fourth Circuit and still contests the point in the instant case. The Division of the Court hearing the proceeding, upon being advised that the only issue involved was the same as that present in the Eccles case, stated that no briefs would be required and that the issue would be decided for petitioner upon authority of the Eccles case. It will be noted that among other things stated in the stipulation of facts are these: "7. On December 14, 1953, a statutory notice of deficiency in the amount of $1,292.35 for the calendar year 1950 was mailed to petitioner. The basis for the adjustments making up the deficiency was that, under the provisions of Section 51(b) of the Internal Revenue Code of 1939, petitioner and Frances S. Ostler could not file a joint return for the taxable year ended December 31, 1950, since the interlocutory decree of divorce was granted on February 27, 1950. The deficiency of $1,292.35 resulted from a reallocation of community income to separate incomes of petitioner and Frances S. Ostler. * * *" Section 51(b) of the 1939 Code was quoted and discussed by us in Marriner S. Eccles, supra, and the interpretation *136 of this section which respondent seeks to give to it in his deficiency notice was denied by us. We see no reason to change our views. In the Eccles case, supra, we held that where the taxpayer was divorced under an interlocutory decree on August 2, 1949, which did not provide for separate maintenance of either party, the decree of divorce becoming final six months after that date, that under the laws of the State of Utah, domicile of the parties, the taxpayer and his wife were husband and wife on December 31, 1949, and were entitled to file a joint return. See also Alice Humphreys Evans, 19 T.C. 1102, affirmed 211 Fed. (2d) 378. The fact that in the Eccles case the husband and wife were domiciled in the State of Utah, whereas here they are domiciled in the State of California, makes no difference. In a joint return all items of income of either spouse are included and all items of deductions to which either is entitled are taken and the tax liability is computed as one tax liability and both husband and wife are jointly and severally liable for the tax shown on the return. We decide the only issue involved in this proceeding in favor of the petitioner. *137 Decision will be entered for the petitioner.